**In re the Petition for DISCIPLINARY ACTION AGAINST Richard T. WYLIE, an Attorney at Law of the State of Minnesota.**

**No. C1-90-1126.**

Supreme Court of Minnesota.

Jan. 4, 1991.

ORDER

The Director of the Lawyers Professional Responsibility Board filed a petition with this Court alleging that the respondent Richard T. Wylie has committed professional misconduct warranting public discipline. In the petition, the Director alleges that from late January through late March 1990, respondent used varying amounts of a client's trust funds for the benefit of another client; that the amount of misused funds was approximately $6,000; that when respondent closed his trust account on February 22, 1990, respondent used $453.19 of the withdrawal to his own benefit; that respondent previously had deposited $658.90 of his own funds into the trust account, but even with this deposit there

was a shortage of funds in the account and respondent should not have taken the $453.19 for his own benefit; that respondent had failed to maintain required trust account books and records for the past several years, but falsely had certified to this court that he maintained the required books and records; and that in March, 1990, respondent restored all of the misused funds, plus interest to the client from whom he had taken them.

After the petition had been filed, respondent entered into a stipulation for discipline with the Director. In the stipulation, the respondent waived all of his procedural rights to hearings as provided in Rule 14, Rules on Lawyers Professional Responsibility. Respondent also withdrew his answer and unconditionally admitted all of the allegations of the petition. Respondent joined with the Director in recommending that appropriate discipline pursuant to Rule 15, Rules on Lawyers Professional Responsibility, is a public reprimand and supervised probation for a period of 2 years. Respondent further agreed to the imposition and payment of $750 in costs pursuant to Rule 24, Rules on Lawyers Professional Responsibility.

The stipulation lists the following mitigating factors which the Director does not dispute: that, except for the withdrawal of $453.19, respondent's misuse of funds was to the benefit of a second client, and not to respondent's benefit; that respondent's misuse of funds was unintentional; that respondent made prompt restitution of the misused funds plus interest; that the client from whom respondent took the misused funds did not complain, has been made aware of the facts of this matter, and continues a relationship with respondent; that, during the relevant period, respondent suffered certain personal problems, including a confirmed diagnosis by a psychiatrist of depression which the psychiatrist identifies as a contributing factor to respondent's inattentiveness; that respondent has been undergoing therapy and respondent's condition has improved; that respondent has cooperated fully with the Director's investigation, recognizes the impropriety of his actions, and assures the court that there

will be no further impropriety; and finally, that respondent has no disciplinary record.

The Court, having considered all of the facts and circumstances surrounding this matter, the petition of the Director, and the stipulation of the parties, NOW ORDERS:

1. That the respondent, Richard T. Wylie, hereby is publicly reprimanded and is placed on supervised probation for a period of 2 years commencing with the date of this order, pursuant to Rule 15, Rules on Lawyers Professional Responsibility.

2. That the terms of respondent's supervised probation shall be as follows:

a. Respondent shall abide by the Minnesota Rules of Professional Conduct. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which have or may come to the Director's attention. Either respondent's admission or a referee finding of further unprofessional conduct shall constitute conclusive evidence of a breach of this stipulation.

b. Respondent shall continue current treatment by a psychiatrist, and shall complete such therapy programs as are deemed necessary by the psychiatrist. Respondent shall provide, upon the Director's request, such medical authorizations as may be necessary to allow the Director to verify respondent's compliance with this provision.

c. Within 2 weeks of the date of this order, respondent shall nominate an attorney acceptable to the Director who shall monitor respondent's compliance with the terms of this probation. If respondent fails to nominate a supervisor acceptable to the Director, the Director may, at his option, appoint any licensed Minnesota attorney as supervisor. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such other more frequent intervals as the Director may reasonably request.

d. Respondent shall cooperate fully with the supervisor and with the Director's Office in their efforts to monitor respondent's compliance with the terms of the probation and in any investigations of fur-

ther unprofessional conduct which may arise during the probation.

e. Respondent shall maintain books and records concerning law office income and expenses, and funds held on behalf of clients, in compliance with the Minnesota Rules of Professional Conduct and Lawyers Professional Responsibility Board Opinion 9. Such books and records shall, upon request, be subject to review by the Director and respondent's supervisor.

3. That the respondent shall pay to the Director the sum of $750 in costs and disbursements pursuant to Rule 24, Rules on Lawyers Professional Responsibility.